Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought*

*Attorneys for Plaintiff and the alleged Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARDO MUNOZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SCHOOLADVISOR, LLC, d/b/a DEGREESEARCH.ORG,** a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Edwardo Munoz ("Munoz" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Schooladvisor, LLC d/b/a Degreesearch.org ("DegreeSearch" or "Defendant") to stop its practice of placing unsolicited telemarketing text message calls to cellular

CLASS ACTION COMPLAINT         1

telephone users nationwide without obtaining prior express written consent, and to obtain redress for all persons similarly injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1. The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"), and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, prohibit companies, such as Defendant, from placing text message calls using an automatic telephone dialing system ("ATDS") to cellular telephones without first obtaining prior express written consent. In this case, DegreeSearch has violated, and continues to violate, the TCPA and its regulations by placing SMS messages to cellular phone subscribers who have not provided prior express written consent to receive such text messages.

**PARTIES**

2. Plaintiff Edwardo Munoz is a natural person and a resident of Merced, Merced County, California.

3. Defendant Schooladvisor, LLC d/b/a Degreesearch.org is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 4800 140th Avenue N, Suite 101, Clearwater, Florida 33762. Defendant conducts business throughout the United States, the State of California, and this District.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class consists of over 100 persons, there is

CLASS ACTION COMPLAINT                           2

minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA apply.

5. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, directed the text messages at issue to Plaintiff who is located in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant conducts a significant amount of business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

7. DegreeSearch operates an online website that allows prospective students to input information about the type of degree or subject matter they are interested in and claims that DegreeSearch may be able to help students obtain grants.

8. In an effort to boost DegreeSearch's business, Defendant utilized bulk text messaging to reach consumers.

9. The text messages were for telemarketing purposes and offered, advertised, and announced the availability of DegreeSearch's goods or services.

10. Bulk text messaging, or SMS messaging, has emerged as a direct method of communicating with consumers. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

CLASS ACTION COMPLAINT                 3

11. When an SMS message call is successfully made, the recipient's cell phone rings or vibrates, alerting him or her that a call is being received. As cellular telephones are mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide and instantaneously.

12. In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

13. Unfortunately for consumers, DegreeSearch fails to obtain consumers' prior express written consent to place the text messages as required by the TCPA.

14. The text messages were made by or on behalf of Defendant, with Defendant's knowledge and approval. Defendant has knowingly received the benefit of the calls and has ratified the making of the calls.

15. At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing text messages are being made to consumers' cellular telephones through its own efforts and through the efforts of its agents.

16. Defendant knowingly made (and continues to make) unsolicited telemarketing text messages without the prior express written consent of the recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated

1  the TCPA.

2  **FACTS SPECIFIC TO PLAINTIFF MUNOZ**

3    17.   Plaintiff is the owner and customary user of the cellular telephone
4  number ending in 6617.
5    18.   On February 2, 2020, at 10:23 AM, Plaintiff received an unsolicited
6  text message to his cellphone from Defendant using SMS shortcode 397-96, which
7  read, "$6,195 in school grant $$ could be available if you qualify! View Schools:
8  http://www2.schoolwe.com/r/1ogp9ha0j (CPG, reply stop to remove)". A
9  screenshot of the February 2nd text message is reproduced below:



25    19.   On February 10, 2020, at 10:28 AM, Plaintiff received a similar text
26  message from the same shortcode 397-96, which read, "Edwardo, did you get a

CLASS ACTION COMPLAINT            5

chance to explore your class options?  View matches here – http://www2.schoolwe.com/r/1ow74bt0m (DS, reply stop to remove)".

20. On February 13, 2020, at 8:42 AM, Plaintiff received another text message from the same shortcode 397-96, which read, "Get matched to a school in seconds! $6,195 per year to those who qualify. http://www2.schoolwe.com/r/1rheg0r0e (DS, reply stop to remove)".

21. On February 14, 2020, at 12:11 PM Plaintiff received a text message from the short code 397-96, which was identical to the February 13th text message. The text message read, "Get matched to a school in seconds! $6,195 per year to those who qualify. http://www2.schoolwe.com/r/1rheg0r0e (DS, reply stop to remove)".

22. A screenshot of the February 10th, 13th, and 14th text messages is reproduced below:



CLASS ACTION COMPLAINT              6

23. The messages were impersonal and sent from a short-code, indicative of the use of an ATDS.

24. Plaintiff does not have a relationship with DegreeSearch, never provided his telephone number to DegreeSearch, and never requested that DegreeSearch send text messages to him or offer him its services in any way.

25. Simply put, Plaintiff has never provided his prior express consent to DegreeSearch to send text messages to him and has no business relationship with DegreeSearch.

26. By sending unauthorized telemarketing text message calls as alleged herein, DegreeSearch has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy.

27. The calls disturbed and interfered with Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone.

28. In the present case, a consumer could be subjected to many unsolicited text messages, and continuous repeated invasions of privacy.

29. To redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals defined below, brings suit under the TCPA, which prohibits unsolicited voice and text calls to cellular telephones.

30. On behalf of the Class, Plaintiff seeks an injunction requiring DegreeSearch to cease all unauthorized text messaging activities and an award of statutory damages to the class members, together with costs, pre and post-judgment interest, and reasonable attorneys' fees.

**CLASS ALLEGATIONS**

31. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Class defined as follows:

**No Consent Class**: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received at least one text message from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's products or services; (5) using the same dialing system that was used to send the text messages to Plaintiff; and (6) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send text messages to Plaintiff.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys and Defendant's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

33. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent autodialed text messages to thousands of consumers who fall into the definition of the defined Class. Class members can be identified by reviewing Defendant's call records.

34. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct. Defendant has no defenses unique to Plaintiff.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

36. **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) Whether Defendant's conduct violated the TCPA;
   (b) Whether Defendant systematically sent unsolicited text messages to consumers absent prior express written consent;
   (c) Whether Defendant sent the text messages using an automatic telephone dialing system;
   (d) Whether Plaintiff and the class members are entitled to statutory damages; and
   (e) Whether Plaintiff and the class members are entitled to treble damages based on the willfulness of Defendant's conduct.

37. **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense

of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

38. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et. seq.*
### (On Behalf of Plaintiff and the No Consent Class)

39. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

40. Defendant failed to obtain any prior express written consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

41. Further, Defendant and/or its agent transmitted unsolicited telemarketing text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

42. The telephone dialing equipment utilized by Defendant and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.

43. These text messages were sent randomly and/or made *en masse* and without the prior express written consent of the Plaintiff and the other members of the No Consent Class to receive such wireless spam.

44. Based on such conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

45. As a result of such conduct, Plaintiff and the other members of the No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

46. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

47. Plaintiff is also entitled to injunctive relief and corresponding

declaratory relief to ensure that the calls stop.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Edwardo Munoz, individually and on behalf of the Class, prays for the following relief:

    A.    An order certifying the No Consent Class as defined above, appointing Plaintiff Edwardo Munoz as the representative of the Class, and appointing his counsel as Class Counsel;

    B.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

    C.    An order declaring that Defendant's actions, as set out above, violate the TCPA;

    D.    A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

    E.    An injunction requiring Defendant to cease all unsolicited text messaging activities, and otherwise protecting the interests of the Class;

    F.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

    G.    An award of treble damages if willfulness is shown; and

    H.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: March 26, 2020 | **EDWARDO MUNOZ**, individually and on behalf of all others similarly situated, |
|   | By: s/ Rebecca Davis |
|   | One of Plaintiff's Attorneys |
|   | Richard T. Drury (SBN 163559)<br>richard@lozeaudrury.com<br>Rebecca Davis (SBN 271662)<br>rebecca@lozeaudrury.com<br>**LOZEAU DRURY LLP**<br>1939 Harrison St., Suite 150<br>Oakland, CA 94612<br>Telephone: (510) 836-4200<br>Facsimile: (510) 836-4205 |
|   | **WOODROW & PELUSO, LLC**<br>Patrick H. Peluso*<br>ppeluso@woodrowpeluso.com<br>Taylor T. Smith*<br>tsmith@woodrowpeluso.com<br>3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>Telephone: (720) 213-0675<br>Facsimile: (303) 927-0809 |
|   | Attorneys for Plaintiff and the Class |
|   | * *Pro Hac Vice admission to be sought* |