Mark E. Ellis - 127159
Lawrence K. Iglesias - 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
liglesias@ellislawgrp.com

KLEIN MOYNIHAN TURCO LLP
Evan King (*Pro Hac Vice* Forthcoming)
450 Seventh Avenue, 40th Floor
New York, New York 10123
TEL: 212-246-0900
FAX: 212-216-9559
eking@kleinmoynihan.com

Attorneys for Defendant SCHOOLADVISOR, LLC DBA DEGREESEARCH.ORG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO MUNOZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHOOLADVISOR, LLC d/b/a DEGREESEARCH.ORG, a Delaware limited liability company,<br><br>Defendant. | Case No.: 1:20-CV-00440-NONE-EPG<br><br>**DEFENDANT SCHOOL ADVISOR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Defendant School Advisor, LLC, d/b/a DegreeSearch.org, a Delaware limited liability company ("School Advisor" or "Defendant"), by and through its counsel, hereby Answers the Complaint (the "Complaint") and states as follows:

　　　　1.　　As to Paragraph 1, this paragraph contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant

- 1 -

specifically denies that there has been a violation of the Telephone Consumer Protection Act ("TCPA").

2. As to Paragraph 2, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies the same.

3. As to Paragraph 3, Defendant admits that it is organized under the laws of the State of Delaware and has a principal place of business located 4800 140th Avenue N, Suite 101, Clearwater, Florida 33762, and denies the remaining allegations in Paragraph 3 of the Complaint.

4. As to Paragraph 4, this paragraph contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies that this action can be appropriately maintained as a class action and specifically denies that there has been any violation of the TCPA.

5. As to Paragraph 5, this paragraph contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations the same.

6. As to Paragraph 6, this paragraph contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations the same.

7. As to Paragraph 7, Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. As to Paragraph 8, this paragraph contains statements of purported law or legal conclusions for which no response is required, and further fails to define the term "bulk text messaging." To the extent a response is required, Defendant denies the same.

9. As to Paragraph 9, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. As to Paragraph 10, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint.

11. As to Paragraph 11, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint.

12. As to Paragraph 12, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. As to Paragraph 13, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. As to Paragraph 14, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. As to Paragraph 15, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. As to Paragraph 16, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. As to Paragraph 17, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint.

18. As to Paragraph 18, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. As to Paragraph 19, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. As to Paragraph 20, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. As to Paragraph 21, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. As to Paragraph 22, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint.

23. As to Paragraph 23, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. As to Paragraph 24, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. As to Paragraph 25, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. As to Paragraph 26, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. As to Paragraph 27, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. As to Paragraph 28, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. As to Paragraph 29, Defendant denies that this action can be appropriately maintained as a class action and specifically denies that there has been any violation of the TCPA.

30. As to Paragraph 30, this paragraph contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the same.

31. As to Paragraph 31, Defendant admits only so much of Paragraph 31 of the Complaint as alleges that Plaintiff purports to assert claims on behalf of a putative class or persons. Defendant denies that such a class action is proper pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (3), and specifically objects to the proposed class definition.

32. As to Paragraph 32, this paragraph contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations the same.

33. As to Paragraph 33, Defendant denies the allegations contained within Paragraph 33 of the Complaint.

34. As to Paragraph 34, Defendant denies the allegations contained within Paragraph 34 of the Complaint.

35. As to Paragraph 35, Defendant denies the allegations contained within Paragraph 35 of the Complaint.

36. As to Paragraph 36, Defendant denies the allegations contained within Paragraph 36 of the Complaint, including all subparagraphs thereof.

37. As to Paragraph 37, Defendant denies the allegations contained within Paragraph 37 of the Complaint.

38. As to Paragraph 38, Defendant denies the allegations contained within Paragraph 38 of the Complaint.

39. As to Paragraph 39, Defendant repeats and realleges each and every response to paragraphs 1 through 38, inclusive, of the Complaint with the same force and effect as if set forth at length herein.

40. Defendant denies the allegations contained within Paragraph 40 of the Complaint, including all subparagraphs thereof.

41. As to Paragraph 41, Defendant denies the allegations contained within Paragraph 41 of the Complaint.

42. As to Paragraph 42, Defendant denies the allegations contained within Paragraph 42 of the Complaint.

43. As to Paragraph 43, Defendant denies the allegations contained within Paragraph 43 of the Complaint.

44. As to Paragraph 44, this paragraph contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations the same.

45. As to Paragraph 45, this paragraph contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations the same.

46. As to Paragraph 46, this paragraph contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations the same.

47. As to Paragraph 47, this paragraph contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations the same.

48. Answering the "PRAYER FOR RELIEF" beginning with "WHEREFORE", including the subparts, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff and the putative class members are entitled to any relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff lacks Article III standing, prudential standing, and statutory standing to bring the claims that he is purportedly asserting.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff has not suffered a concrete and particularized injury.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred by the statutory defense of prior express consent and/or prior express written consent. To the extent that Plaintiff received the alleged subject text message(s) and/or telephone call(s) alleged in the Complaint, prior express consent, as well as prior express written consent, was obtained for the purpose of contacting the phone number at which

Plaintiff alleges to have received the subject text message(s) and/or telephone call(s). Accordingly, Plaintiff's claims must fail. To the extent that putative class members provided such consent, their claims also fail.

### FIFTH AFFIRMATIVE DEFENSE

Defendant incorporates by reference all provisions set for within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, reasonable reliance, good faith, established business relationship, or other defenses that may be set forth herein.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff cannot maintain this action as a class action under Federal Rules of Civil Procedure, Rule 23. Among other things, Defendant expressly denies that the identities of the putative class members are ascertainable, that there are common questions of law and fact, that such questions predominate over individual issues, that the Plaintiff's claims are typical, or that the individualized issues raised by Plaintiff's claims can be adjudicated on a class-wide basis.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

### EIGHTH AFFIRMATIVE DEFENSES

Defendant alleges that Plaintiff cannot maintain this action as a class action as Plaintiff, a user on his behalf, or a user in possession of his telephone number explicitly agreed to be bound by a class action waiver provision contemporaneous with the respective provisions of express written consent to be contacted by Defendant.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that it has complied with all applicable statutes and regulations, thereby barring any and all of Plaintiff's claims.

/ / / /

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred by the doctrines of estoppel, waiver, consent, laches, unclean hands, and other equitable doctrines as a bar to the claims of Plaintiff and the putative class members.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims and/or the claims of the putative class members are barred because any alleged acts or omissions of Defendant giving rise to the alleged claims were the result of an innocent mistake and/or bona fide error notwithstanding that Defendant established and implemented reasonable practices and procedures to effectively prevent telephone solicitations in alleged violation of the regulations prescribed by 47 U.S.C. § 227. Defendant acted at all times in a reasonable manner in connection with the events at issue in this case.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff received the subject text message(s) and/or telephone call(s) alleged in the Complaint, an automatic telephone dialing system as that term is defined by 47 U.S.C. § 227, the implementing regulations promulgated thereunder, the Federal Communications Commission's rulings and/or decisional law interpreting same was not used to place the subject text messages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred on constitutional grounds because application of the TCPA, as interpreted by the FCC, violates the First Amendment to the United States Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred in whole or in part because the TCPA violates the First Amendment to the United States Constitution because it is an unconstitutional regulation of free speech. *See Martin v City of Struthers, Ohio*, 319 U.S. 141 (1943).

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred in whole or in part because any loss, injury, or damage incurred by Plaintiff was proximately caused by the acts of third parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate his damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred in whole or in part because any loss, injury, or damage incurred by Plaintiff was caused by independent contractors for whose actions Defendant is not directly nor vicariously liable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff has failed to join all necessary and/or indispensable parties to this action.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has not suffered any damages due to Defendant's alleged actions. Plaintiff must sustain an injury in fact specific to each individual text message for which Plaintiff claims a violation.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff's claims and/or the claims of the putative class members are barred by the applicable statute of limitations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff cannot maintain this action as he explicitly agreed to be bound by binding arbitration provisions contemporaneous with his provision of express written consent to be contacted by Defendant and waived his right to bring an action in this Court.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff cannot maintain this action as he explicitly agreed to be bound to a limitation and/or release of liability provision contemporaneous with his provision of express written consent to be contacted by Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's complaint, and every cause of action alleged therein, is barred because Plaintiff's alleged injuries are not within the zone of interest the TCPA is designed to protect against.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are nor proper before this Court because this Court lacks personal jurisdiction over Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because a purported class is not so numerous that joinder of all class members would be impracticable.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because there are no questions of law or fact common to a purported class.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff's claims or defenses are not typical of the purported class.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff will not fairly or adequately protect the interests of the class.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge of information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### PRAYER

**WHEREFORE,** Defendant prays as follows:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For attorneys' fees incurred herein, pursuant to statute if allowable at law;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: May 21, 2020

ELLIS LAW GROUP LLP

By  /s/ Lawrence K. Iglesias
Lawrence K. Iglesias
Attorney for Defendant
SCHOOLADVISOR, LLC dba
DEGREESEARCH.ORG

### DEMAND FOR JURY TRIAL

DEFENDANT SCHOOL ADVISOR, LLC dba DEGREESEARCH ORG hereby demands a trial by jury in this matter.

Dated: May 21, 2020

ELLIS LAW GROUP LLP

By  /s/ Lawrence K. Iglesias
Lawrence K. Iglesias
Attorney for Defendant
SCHOOLADVISOR, LLC DBA
DEGREESEARCH.ORG

DEFENDANT SCHOOL ADVISOR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

# CERTIFICATE OF SERVICE

I, Jan Hyde, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 1425 River Park Drive, Suite 400, Sacramento, CA 95815.

On May 21, 2020, I served the following document(s) on the parties in the within action:

**DEFENDANT SCHOOL ADVISOR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Richard T. Drury<br>Rebecca Davis<br>Lozeau Drury LLP<br>1939 Harrison Street<br>Suite 150<br>Oakland, CA 94612 | Attorneys for Plaintiff<br>EDWARDO MUNOZ |
| Patrick H. Peluso<br>Taylor T. Smith<br>Wooodrow & Peluso, LLC<br>3900 East Mexico Avenue<br>Suite 300<br>Denver, CO 80210 | Attorneys for Plaintiff<br>EDWARDO MUNOZ |

I declare under penalty of perjury under the laws of the United States of America that the

- 1 -

PROOF OF SERVICE

foregoing is a true and correct statement and that this Certificate was executed on May 21, 2020.

By: _____
Jan Hyde