Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SNB 271662)
rebecca@lozzeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought*

Attorneys for Plaintiff and the alleged Class

Mark E. Ellis – 127159
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
liglesias@ellislawgrp.com

KLEIN MOYNIHAN TURCO LLP
Evan King (*Pro Hac Vice* Forthcoming)
450 Seventh Avenue, 40th Floor
New York, New York 10123
TEL: 212-246-0900
FAX: 212-216-9559
eking@kleinmoynihan.com

Attorneys for Defendant SCHOOLADVISOR, LLC
DBA DEGREESEARCH.ORG

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO MUNOZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHOOLADVISOR, LLC d/b/a DEGREESEARCH.ORG, a Delaware limited liability company,<br><br>Defendant. | **JOINT FRCP 26(f) REPORT**<br><br>Case No. 1:20-cv-00440<br><br>Scheduling Conference:<br>Date: July 2, 2020 |

1

JOINT RULE 26(F) REPORT

# JOINT RULE 26(f) REPORT

Plaintiff Edwardo Munoz ("Plaintiff" or "Munoz") and Defendant Schooladvisor, LLC d/b/a Degreesearch.com ("Defendant" or "DegreeSearch") jointly submit this Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

## 1. Statement of the Case

Plaintiff's Position:  The facts are straightforward. Plaintiff alleges that he received unsolicited telemarketing text messages placed to his personal cellular telephone by or on the behalf of Defendant on February 2, 2020, February 10, 2020, February 13, 2020, and February 14, 2020. Plaintiff denies ever providing his prior express consent to receive the calls and denies ever having a relationship with Defendant. Plaintiff alleges that the calls were placed using an automatic telephone dialing system and without prior express consent, in violation of the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA" or the "Act."). Plaintiff brings this case as an alleged Class action on behalf of himself and all others similarly situated.

Defendant's Position:  Defendant denies that it is liable to Plaintiff, or to any purported class members, for alleged violations of the TCPA. Plaintiff gave prior express written consent for the alleged communications.

## 2. Subject Matter Jurisdiction

This case is an alleged class action brought under the TCPA, a federal statute. As such, the Plaintiff contends that the Court has original jurisdiction under 28 U.S.C. § 1331. No issues exist as to personal jurisdiction or venue, and no parties remain to be served.

## 3. Legal Issues

Plaintiff's Position:

 1. Whether the equipment allegedly used by Defendant to place the alleged text message calls constitutes an ATDS under the TCPA.

 2. Whether Defendant or its agent obtained prior express consent to send the text messages.

3. Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23.

4. If Defendant violated the TCPA, whether it did so willfully.

Defendant's Position:

Defendant accepts Plaintiff's summary of the legal issues presented, and states that each question asserted by Plaintiff must be answered in the negative.

**4. Motions**

Plaintiff's Position

Plaintiff anticipates moving for class certification following class discovery and moving for summary judgment in favor of himself and the class members after a ruling on class certification. Discovery motions may also become necessary.

Defendant's Position:

Defendant anticipates opposing Plaintiff's motion for class certification and moving for summary judgment in favor of itself. Defendant also intends to file *Daubert* motion(s), motions *in limine*, and a motion to compel arbitration as necessary. Defendant reserves the right to amend this statement as necessary.

**5. Damages**

Plaintiff's Position: Plaintiff seeks an award or actual monetary loss or the sum of five hundred dollars ($500.00) for each violation of the TCPA whichever is greater. If Defendant is determined to have acted willfully, Plaintiff then seeks one thousand five hundred dollars ($1,500.00) for each violation of the TCPA.

Defendant's Position: Defendant contends that it is not liable to Plaintiff or any purported class members for any alleged violation of the TCPA. Accordingly, Defendant is not liable for any damages.

**6. Proposed Discovery Plan**

*Plaintiff's Proposed Discovery Plan & Limitations on Same:*

Plaintiff's position is that discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this ten (10) month period the Parties would brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

Discovery is needed regarding certain threshold issues that will materially advance the case:

(1) The ability to identify other cellphone numbers that Defendant (or its agent) texted where the telephone numbers (and consent to text) were obtained in the same manner as Plaintiff's;

(2) The dates and times Defendant (or its vendor) texted such cellphone numbers;

(3) The identity of any vendor Defendant used to obtain lead information regarding the Plaintiff and the other class members, to obtain consent to send text messages to Plaintiff and the other class members and to actually send the texts at issue; and

(4) Information identifying Defendant's or its vendor's dialing equipment.

Plaintiff opposes Defendant's proposal to bifurcate discovery. While in certain cases bifurcating between class and merits discovery makes sense, here any so-called "merits" issues are so intertwined with the class issues that attempting to separate them would only lead to confusion, disagreement, and the need for Court supervision. *See Manual for Complex Litig.* § 11.214 (4th. ed) (The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically….Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.") An example is found in Defendant's claim that it had prior express consent from Plaintiff. The question of whether such alleged consent is

4
JOINT RULE 26(F) REPORT

sufficient to satisfy the TCPA's prior express written consent requirement is the same for both Plaintiff and all others who Defendant claims consented in the same way.

Indeed, phasing discovery in such a way would give Defendant a free bite at the apple. That is, the one-way intervention rule, which bars granting class certification after the merits have already been decided in a plaintiff's favor, would preclude Plaintiff, but not Defendant, from moving for summary judgment prior to class certification. *Gessele v. Jack in the Box, Inc.*, No. C10–0960, 2012 WL 3686274, at *3 (D. Or. Aug. 24, 2012) (quotations omitted).

In short, under Defendant's plan, Plaintiff would need to first clear the hurdle of proving he can beat summary judgment on his individual claims without any corresponding ability to seek summary judgment in his favor. Then, only after surviving summary judgment would Plaintiff be able to seek discovery related to class certification—which will take months to gather. Bifurcating discovery is therefore not only unnecessary in this case, but also unreasonable and prejudicial to Plaintiff.

<u>*Defendant's Proposed Discovery Plan & Limitations on Same*</u>:

Defendant's position is that discovery should not proceed with respect to both class certification and merits issues concurrently. This would quickly become unruly and, given the Parties' intent to move for summary judgment, unnecessary. Accordingly, Defendant proposes that during the ten (10) motion initial period proposed by Plaintiff, the first four (4) months should be devoted to written and oral discovery relating to merits issues. The second four (4) months should be devoted to written and oral discovery relating to class certification. The final two (2) months should be devoted to experts (as proposed by Plaintiff). Contrary to Plaintiffs' assertion, by bifurcating discovery between the two discrete issues of merits and class certification, Defendant is not afforded a free bite at the apple. Rather, if, as Defendant anticipates, initial merits discovery confirms that Plaintiff cannot beat summary judgment, it better positions the Parties to resolve the case in its early stages by avoiding motion practice all

together. In the unlikely event that Plaintiff's claims are vindicated through merits discovery, issues of class discovery (which can inherently costly and immensely complex) can proceed.

Defendant accepts the remainder of Plaintiff's proposed discovery schedule.

Discovery is needed regarding certain threshold issues that will materially advance the case:

(1) The express prior written consent provided by Plaintiff to be contacted; and

(2) Whether Plaintiff and all potential class members expressly agreed to arbitration.

Defendant reserves the right to amend this statement as necessary.

### 7. Additional Parties

Plaintiff: Plaintiff does not anticipate adding any parties at this time, but reserves his right to do so following sufficient discovery.

Defendant: Defendant does not anticipate adding any parties at this time, but reserves his right to do so following sufficient discovery.

### 8. Alternative Dispute Resolution (ADR)

The Parties do not agree to submit the action to the Court's VDRP program, but will discuss the possibility of pursuing private mediation as appropriate.

### 9. Trial Estimate

Plaintiff has demanded a jury trial and the Parties do not anticipate trial lasting more than 5 days. Defendant anticipates trial lasting between 5-7 days depending upon whether a class is certified and whether bifurcation is required as to the question of willful/knowing conduct.

### 10.  Proposed Pretrial Schedule

*Plaintiff's Proposed Schedule*

As stated above, Plaintiff's position is that discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this ten (10) month period the Parties would brief class certification. Following a ruling on class certification the Court would hold a subsequent case

management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

Plaintiff proposes the following schedule:

| Matter | Plaintiff's Proposal |
|---|---|
| Deadline to Serve Initial Disclosures | July 3, 2020 |
| Deadline to Amend Pleadings | September 3, 2020 |
| Deadline to Complete Fact Discovery and ADR Deadline | March 4, 2021 |
| Deadline to Complete Expert Discovery | May 6, 2021 |
| Deadline for Plaintiff to Move for Class Certification | June 3, 2021 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |

*Defendant's Proposed Schedule*

As stated above, Defendant's position is that discovery should not proceed with respect to both class certification and merits issues concurrently. This would quickly become unruly and, given the Parties' intent to move for summary judgment, unnecessary. Accordingly, Defendant proposes that during the ten (10) motion initial period proposed by Plaintiff, the first four (4) months should be devoted to written and oral discovery relating to merits issues. The second four (4) months should be devoted to written and oral discovery relating to class certification. The final two (2) months should be devoted to experts (as proposed by Plaintiff). Defendant accepts the remainder of Plaintiff's proposed discovery schedule.

Defendant proposes the following schedule:

| Matter | Defendant's Proposal |
|---|---|
| Deadline to Serve Initial Disclosures | July 3, 2020 |

7
JOINT RULE 26(F) REPORT

| | |
|---|---|
| Deadline to Amend Pleadings | September 3, 2020 |
| Deadline to Complete Fact Discovery and ADR Deadline | March 4, 2021 |
| Deadline to Complete Expert Discovery | May 6, 2021 |
| Deadline for Plaintiff to Move for Class Certification | June 3, 2021 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |

**11. Magistrate Consent**

Defendant does not consent to a magistrate.

Dated: June 25, 2020

By: /s/ Patrick H. Peluso

Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice

**Counsel for Plaintiff and the alleged Class**
*pro hac vice

8
JOINT RULE 26(F) REPORT

1
2
3    ELLIS LAW GROUP LLP
4    By: */s/ Lawrence K. Iglesias*
     Lawrence K. Iglesias
5    Attorney for Defendant
6    SCHOOL ADVISOR, LLC DBA
     DEGREESEARCH.ORG
7
8
...
28   JOINT RULE 26(F) REPORT

9

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon its filing via this Court's CM/ECF system on this 25th day of June, 2020 to all counsel of record.

/s/ Patrick H. Peluso