Mark E. Ellis – 127159
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant SCHOOLADVISOR, LLC D/B/A DEGREESEARCH.ORG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| EDWARDO MUNOZ, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SCHOOLADVISOR, LLC d/b/a DEGREESEARCH.ORG, a Delaware limited liability company,<br><br>    Defendant. | Case No.: 1:20-CV-00440-NONE-EPG<br><br>**DEFENDANT SCHOOLADVISOR, LLC D/B/A DEGREESEARCH.ORG'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY**<br><br>DATE:   January 8, 2021<br>TIME:   10:00 a.m.<br>CRTM:   10, 6th Floor |

# Table of Contents

I. PRELIMINARY STATEMENT ................................................................................................1
II. ARGUMENT ............................................................................................................................2
   A. THIS CASE SHOULD BE STAYED PENDING THE SUPREME COURT'S DECISION ...4
      1. Defendant Will Suffer Substantial Hardship and Inequity if the Case Proceeds ...................5
      2. A Stay Will Not Damage or Prejudice Plaintiff .....................................................................6
      3. A Stay Will Simplify the Issues to Be Litigated and Conserve Judicial Resources ...............7
      4. District Courts Nationwide Have Stayed TCPA Cases Pending *Facebook* ..........................9
III. CONCLUSION .......................................................................................................................10

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY

# Table of Authorities

**Cases**

*ACA International v. FCC*, 855 F.3d 687 (D.C. Cir. 2017) .................................................................. 1
*Aleisa v. Square, Inc.*, 2020 WL 5993226 (N.D. Cal. Oct. 9, 2020) ....................................................... 9
*Allan v. Pennsylvania Higher Ed. Assistance Agency*, 968 F.3d 567 (6th Cir. 2020) ........................... 1
*Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.* 2014 WL 2759571 (N.D. Cal. June 17, 2014) ....... 6
*Canady v. Bridgecrest Acceptance Corp.*, 2020 WL 5249263 (D. Ariz. Sept. 3, 2020) ..................... 7, 9
*Clinton v. Jones*, 520 U.S. 681 (1997) .................................................................................................... 4
*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) ................................................................................. 4
*Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018) .................................................................... 2, 3
*Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019), *cert. granted in part*, No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020) ........................................................................................................ 3
*Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020) ................................................................. 1
*Errington v. Time Warner Cable Inc.*, 2016 WL 2930696 (C.D. Cal. May 18, 2016) ........................... 6
*Facebook, Inc. v. Duguid,*, No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020) .................................. 1
*Frable v. Synchrony Bank*, 2016 WL 6123248 (D. Minn. 2016) ........................................................... 7
*Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020) ............................................................... 1
*Glasser v. Hilton Grand Vacations Co.*, LLC, 948 F.3d 1301 (11th Cir. 2020) .................................... 2
*Hanover Ins. Co. v. Mason McDuffie Real Estate, Inc.* 2016 WL 7230868 (N.D. Cal. Dec. 14, 2016) .. 8
*Hoagland v. Axos Bank*, 2020 WL 5223547 (S.D. Cal. July 27, 2020) .................................................. 2
*Kolloukian v. Uber Techs., Inc.*, 2015 WL 9598782 (C.D. Cal. Dec. 14, 2015) .................................... 6
*Landis v. North American Co.*, 299 U.S. 248 (1936) ............................................................................. 4
*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979) ....................................... 4
*Lindell v. Synthes, USA*, 2012 WL 1657197 (E.D. Cal. May 10, 2012) ................................................. 4
*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) ....................................................................... 4
*Loftus v. SignPost, Inc.*, 19-cv-07984 (JGK) (Dkt. No. 53) (S.D.N.Y. Oct. 19, 2020) ...................... 2, 9
*Marks v. Crunch v. San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) ................................................. 1, 3
*Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983) .......................... 7
*Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361 (N.D. Cal. 2009) ..................................................... 4
*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) ............................................................ 4
*Robledo v. Randstad US, L.P.*, 2017 WL 4934205 (N.D. Cal. Nov. 1, 2017) ........................................ 5
*Romero v. Securus Techs.*, 383 F. Supp. 3d 1069 (S.D. Cal. 2019) ....................................................... 5
*Ryan Hyams, et al., Plaintiffs, v. CVS Health Corporation, et al.*, No. 18-CV-06278-HSG, 2020 WL 6891901 (N.D. Cal. Nov. 24, 2020) ................................................................................................ 8
*Saunders v. Sunrun, Inc.*, 2020 WL 6342937 (N.D. Cal. Oct. 29, 2020) ............................................... 9
*Sealey v. Chase Bank, N.A.*, 2020 WL 5814108 (N.D. Cal. Sept. 29, 2020) ...................................... 2, 8
*Seefeldt v. Entm't Consulting Int'l, LLC*, 2020 WL 4922371 (E.D. Mo. Aug. 21, 2020) .................... 6, 9
*Sensibaugh v. EF Educ. First, Inc.*, No. 20-CV-1068, 2020 WL 3455641 (C.D. Cal. May 7, 2020) .. 6, 8
*Veytia et al. v. Portfolio Recovery Associates, LLC et la.*, 2020 WL 5257881 (S.D. Cal. Sept. 3, 2020) 9
*Whattoff-Hall v. Portfolio Recovery Associates, LLC*, 2020 WL 5223546 (S.D. Cal. July 23, 2020) ..... 9

**Statutes**

47 U.S.C. § 227 .................................................................................................................................. 1, 2

**Other Authorities**

Lee Epstein et al., *The Best for Last: The Timing of U.S. Supreme Court Decisions*, 64 Duke L.J. 991, 993 (Mar. 2015) ............................................................................................................................ 2, 6

**Rules**

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY

Fed. R.Evid. 201 .................................................................................................................2

## I. PRELIMINARY STATEMENT

Edwardo Munoz ("Plaintiff") filed a putative class action complaint alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") against Defendant SchoolAdvisor, LLC, d/b/a DegressSearch.org, a Delaware limited liability company ("Defendant") arising from his alleged receipt of text messages on his cellular telephones. (Plaintiff and Defendant, collectively, the "Parties"). *See* Complaint, Dkt. No 1 at ¶¶ 17-22. Plaintiff alleges that these text messages were sent through use of an automatic telephone dialing system ("ATDS"). *Id.* at ¶¶ 12, 23. A circuit split currently exists as to what dialing equipment constitutes an ATDS, the viability of Plaintiff's claims likely hinges on the imminent decision from the United States Supreme Court ("SCOTUS") in the case of *Facebook, Inc. v. Duguid. See* 926 F.3d 1146 (9th Cir. 2019), *cert. granted in part*, No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020) ("*Facebook*")

While the TCPA generally prohibits making calls or sending text messages using an "automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service," 47 U.S.C. § 227(b)(1), the proper interpretation of the term "ATDS" has lacked a uniform answer subsequent to the D.C. Circuit Court of Appeal's decision in *ACA International v. FCC*, 855 F.3d 687 (D.C. Cir. 2017), in which the Federal Communications Commission's 2015 declaratory order purporting to provide interpretative guidance on the statutory term was vacated.

A stark split among the appellate circuits as to what is and what is not an ATDS has taken root following *ACA International*. On the one hand, the Second, Sixth and Ninth Circuits have adopted an interpretation where "the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically." *Marks v. Crunch v. San Diego, LLC,* 904 F.3d 1041, 1052 (9th Cir. 2018); *see also Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 287 (2d Cir. 2020); *Allan v. Pennsylvania Higher Ed. Assistance Agency*, 968 F.3d 567 (6th Cir. 2020). On the other hand, the Third, Seventh, and Eleventh Circuits have adopted a less expansive interpretation of the statutory term and have held that for a device to constitute an ATDS, it <u>must</u> have the capacity to generate random or sequential numbers and dial those numbers. *See Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 468 (7th Cir. 2020) ("Satisfied that 'using a random or sequential number generator' does not describe how the

- 1 -

numbers are 'to be called,' . . . [w]e therefore hold that the phrase 'using a random or sequential number generator' describes how the telephone numbers must be 'stored' or 'produced.'"); *see also Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018); *Glasser v. Hilton Grand Vacations Co.*, LLC, 948 F.3d 1301, 1312 (11th Cir. 2020).

In order to resolve that circuit split, SCOTUS recently granted a petition for certiorari to provide the definitive determination as to the proper interpretation of ATDS under the TCPA. SCOTUS has set oral argument on *Facebook* for December 8, 2020.[1] A decision from SCOTUS may be expected within several months following oral argument. *See* Lee Epstein et al., *The Best for Last: The Timing of U.S. Supreme Court Decisions*, 64 Duke L.J. 991, 993 (Mar. 2015).

A stay issued pursuant to this Court's inherent power is warranted in light of SCOTUS's imminent resolution of the ATDS issue. Given the highly unsettled nature of the statutory term's appropriate definition, the Parties, the Court, and yet-to-be identified non-parties to this suit will all benefit from awaiting ultimate guidance from SCOTUS. Resources will be conserved, judicial economy and efficiency promoted, and issues streamlined while avoiding unnecessary discovery and litigation over issues that can be mooted by the high court as the petition granted by SCOTUS directly challenges the Ninth Circuit interpretation of ATDS. For those reasons, as more fully detailed herein, Defendant respectfully requests that the Court issue a stay pending the resolution of *Facebook* by SCOTUS as so many district courts across the country have prudently opted to do in recent weeks. *See Loftus v. SignPost, Inc.*, 19-cv-07984 (JGK) (Dkt. No. 53) (S.D.N.Y. Oct. 19, 2020)[2]; *Sealey v. Chase Bank, N.A.*, No. 19-CV-07710-JST, 2020 WL 5814108, at *1-3 (N.D. Cal. Sept. 29, 2020); *Hoagland v. Axos Bank*, 2020 WL 5223547, at *1 (S.D. Cal. July 27, 2020).

## II.   ARGUMENT

The TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Uniformity on what this term means has been lacking for years. Circuit

---

[1] https://www.supremecourt.gov/oral_arguments/argument_calendars/MonthlyArgumentCalDecember2020.pdf; *see* Fed. R.Evid. 201.

[2] A copy of the recent decision in *Loftus v. SignPost, Inc.*, 19-cv-7984 (JGK) (Dkt. No. 53) (S.D.N.Y. Oct. 19, 2020) is attached hereto as "Attachment A." *See* Fed. R. Evid. 201.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY

Courts are currently split on what kind of equipment constitutes an ATDS. Some courts have held that TCPA liability extends to equipment that "stores numbers to be called, whether or not those numbers have been generated by a random or sequential number generator." *See Marks*, 904 F.3d at 1043. Others hold that for a device to constitute an ATDS under the TCPA, it <u>must</u> have the capacity to "generat[e] random or sequential telephone numbers and dial[] those numbers." *Dominguez* 894 F.3d at 121.

On July 9, 2020, the United States Supreme Court granted certiorari in *Facebook* to address this circuit split and decide "[w]hether the definition of an ATDS [Automated Telephone Dialing System] in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator." *Facebook*, 926 F.3d 1146, *cert. granted sub nom*, No. 19-51, Pet'r's Br. ii, (petition for cert. granted July. 9, 2020). The precise issue before SCOTUS in *Facebook* is central to this case. Plaintiff alleges that Defendant is liable for text messages sent to him through use of an ATDS. The answer to the question of whether or not dialing equipment is excluded from the definition of an ATDS if it dials from a human-produced list of numbers rather than numbers produced from a random or sequential number generator is likely to be dispositive of those allegations.

To ensure that the Parties and the Court do not waste resources, a stay is warranted pending SCOTUS's imminent decision. Every single factor analyzed by courts in this Circuit when considering a stay favors granting the requested relief. Plaintiff would suffer no discernable harm if a stay were granted. By contrast, SCOTUS's ruling in *Facebook* will have a material and potentially dispositive impact on Defendant's liability in this matter. Defendant would be greatly prejudiced if this case proceeds. Moreover, the Court's time and resources will be wasted if it opts to forge ahead while SCOTUS is on the precipice of upending current TCPA jurisprudence. Temporarily granting a stay will streamline and simplify the litigation. The Supreme Court is addressing a major circuit split that implicates an issue central to Plaintiff's *prima facie* case. It is therefore in the best interests of all interested parties, including the public at large, to allow SCOTUS to provide additional clarity so that courts in different jurisdictions cease developing and following differing sets of rules governing the TCPA. For the foregoing reasons, a stay is appropriate and the instant motion should be granted.

## A. THIS CASE SHOULD BE STAYED PENDING THE SUPREME COURT'S DECISION

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A court may grant a stay "pending resolution of independent proceedings which bear upon the case ... and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). This discretion is appropriately exercised when another court's anticipated ruling will have "a significant impact on the course of this litigation ..." *Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361, 371 (N.D. Cal. 2009) (staying case pending resolution of cases in California Supreme Court). This is true whether or not the other proceeding would be controlling on the case at bar. *See Lindell v. Synthes, USA*, No. 1:11-CV-2053 LJO-BAM, 2012 WL 1657197, at *3 (E.D. Cal. May 10, 2012) ("[t]he existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay . . . This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

When determining whether to issue a stay, courts in this Circuit must weigh various competing interests. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). In exercising this discretion, courts in this Circuit consider the following factors:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (explaining that when considering a motion to stay, courts should consider, "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation"). Here, not only do each of the foregoing factors weigh in favor of granting the requested stay, but SCOTUS's resolution of this key issue will serve to streamline the discovery and related litigation of this case. A stay should issue accordingly.

**1. Defendant Will Suffer Substantial Hardship and Inequity if the Case Proceeds**

SCOTUS's forthcoming ruling is anticipated to have a substantial and material impact on the merit of Plaintiff's claims, and thus the scope of Defendant's potential liability in this matter. If this case proceeds before SCOTUS clarifies what is and what is not an ATDS, Defendant will expend enormous resources, including litigation fees, defending itself on an issue that not only is dispositive of claims against it but also an issue whose legal foundation is likely to be altered, if not entirely upended, in the near future. *See Romero v. Securus Techs.*, 383 F. Supp. 3d 1069, 1075 (S.D. Cal. 2019) (holding that "the prospect of substantial, unrecoverable time and resources spent on class discovery weighs in [Defendant/movant's] favor."); *Robledo v. Randstad US, L.P.*, No. 17-CV-01003-BLF, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017) (staying district court case pending Supreme Court ruling because defendant "would be required to defend a large class action and undergo discovery which could be rendered moot if the Supreme Court reverses the Ninth Circuit.").

"Requiring Defendant to submit to voluminous, potentially unnecessary discovery," particularly substantial discovery of electronically stored information that is being contemplated by Plaintiff, "would be inequitable and a waste of time and resources." *See Kotlyar v. Univ. of Chi. Med. Ctr.*, 2017 WL 5911287, at *3 (N.D. Ill. Nov. 30, 2017). Defendant, like so many defendants in putative TCPA class actions, bears a far heavier burden of resource expenditure in discovery than does Plaintiff. Plaintiff's complaint does not allege any concrete facts to support its allegation that an ATDS was used to transmit the text messages that he allegedly received. *See* Complaint, Dkt. No. ¶ 12. The expansive, voluminous disclosure required to substantiate and/or refute that allegation is self-evident and will create a tremendous burden on Defendant and non-parties. This is particularly so in the event that the case proceeds under the current Ninth Circuit interpretation of ATDS, whose analysis focuses on the capability of dialing equipment to generate random and/or sequential numbers. However, that interpretation is now subject to scrutiny by SCOTUS. Thus, in the event that SCOTUS adopts the alternative interpretation of an ATDS, under which equipment that dials from human-generated lists of numbers are excluded from the definition, then the aforementioned scope of disclosure becomes superfluous, unnecessarily burdensome, and expensive. This is self-evident because under this alternative definition, the more important examination is whether the dialing equipment dials from lists

of human-generated numbers. The parties would therefore be in a position to avoid engaging in a battle of the experts that the highly technical and nuanced probe of the technological capabilities of equipment and software inevitably devolves into. The prejudice to Defendant by engaging in this unnecessary discovery prior to SCOTUS's decision is apparent. Issuance of a temporary stay is the most prudent course of action under the circumstances.

### 2. A Stay Will Not Damage or Prejudice Plaintiff

Whereas the prejudice to Defendant in the absence of a stay is clear and irreparable, Plaintiff will suffer no undue prejudice or tactical disadvantage from a stay of these proceedings. Courts have held that there is no likelihood of prejudice merely because the stay could delay a plaintiff's potential award of money damages. *See Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, No. 5:13-CV-05430 EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014). Plaintiff chiefly seeks to recover statutory damages for Defendant's alleged violation of the TCPA, and any delay in seeking statutory damages, without more, does not constitute harm or damage to a plaintiff. *See Errington v. Time Warner Cable Inc.*, 2016 WL 2930696, *4 (C.D. Cal. May 18, 2016) (in staying TCPA case pending resolution of potentially dispositive decision by the D.C. Circuit, holding that the "possible prejudice to Plaintiff is minimal."). Further, the requested stay would last for a short, finite amount of time. *See* Epstein, 64 Duke L.J. at 993 (explaining that SCOTUS "usually issues its decision within three months of oral argument…").

The Parties are at an early stage of litigation, where minimal discovery has taken place and only the instant motion is before the Court. *See Sensibaugh v. EF Educ. First, Inc.*, No. 20-CV-1068, 2020 WL 3455641, at *2 (C.D. Cal. May 7, 2020) (granting stay, in part, because the case was "in early stages of litigation.") (citing *Seefeldt v. Entm't Consulting Int'l, LLC*, No. 4:19-CV-00188, 2020 WL 905844, at *3 (E.D. Mo. Feb. 25, 2020). Plaintiff, like Defendant, benefits from a stay pending *Facebook's* resolution. He too runs the cognizable risk of incurring significant discovery-related expenses advancing claims whose legal merit may ultimately be undermined by SCOTUS's ruling. *See Kolloukian v. Uber Techs., Inc.*, 2015 WL 9598782, *1 (C.D. Cal. Dec. 14, 2015) (recognizing that stay of a TCPA case pending resolution of a D.C. Circuit case "reduce[d] burden on the parties."). Moreover, Plaintiff's ability to pursue discovery will not be harmed if the Court issues a stay. Rather, the scope of discovery

will be focused and tailored in accordance with SCOTUS's imminent interpretation of ATDS. *See Canady v. Bridgecrest Acceptance Corp.*, 2020 WL 5249263, *4 (D. Ariz. Sept. 3, 2020) (in TCPA action, granting defendant's motion for stay pending *Facebook* because "[defendant was aware of its obligations and should have already "instituted a litigation hold to preserve documents . . .") (citation omitted) (internal quotation marks omitted); *Frable v. Synchrony Bank*, 2016 WL 6123248, *4 (D. Minn. 2016) ("[d]efendant will rely on existing records to establish its position[;] [p]laintiff will rely in part on his own testimony to support his argument that he did not provide consent, and thus it is unlikely that a delay of a few months would prejudice him"). While Plaintiff may be reticent to recognize or acknowledge the benefit of a stay, it will nevertheless help him as much as it will Defendant. The Court should issue the stay pending *Facebook*'s resolution accordingly.

### 3. A Stay Will Simplify the Issues to Be Litigated and Conserve Judicial Resources

A stay will streamline the issues in dispute and simplify the litigation as a result. Moreover, its duration will be finite and temporary. The benefit to all parties, including the Court, by awaiting SCOTUS's definitive resolution is manifest.

SCOTUS's forthcoming ruling on the proper interpretation of an ATDS for TCPA purposes will have a material, and possibly dispositive, impact on a central issue in this case. Judicial resources will be preserved by awaiting that ruling. "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (internal quotation marks omitted). Conversely, hastily proceeding before SCOTUS renders its decision on this issue will undoubtedly invite needless and expensive discovery and related motion practice that will require adjudication by the Court regarding issues that may later be mooted by SCOTUS's decision. A stay will afford the Court efficiencies through avoidance of revisiting one or more judicial determinations premised on jurisprudence that SCOTUS may ultimately modify or invalidate, as well as through the high court's provision of clarity of the issue for purposes of analyzing and deciding future dispositive motions.

The Supreme Court is likely to rule in a way that will provide clarity and have an impact here,

either by invalidating the challenged provision in the TCPA or confirming which circuit's test is appropriate. *See Sensibaugh*, 2020 WL 3455641, at *3 (in TCPA action, granting stay pending SCOTUS's decision in *Facebook*, in part, to preserve judicial resources); *Hanover Ins. Co. v. Mason McDuffie Real Estate, Inc.*, No. 16-CV-0114, 2016 WL 7230868 at *4 (N.D. Cal. Dec. 14, 2016) (staying action "avoids wasting judicial resources"). Here, the only claim asserted by Plaintiff against Defendant is the use of an ATDS in violation of the TCPA. *See* Complaint, Dkt. 1 at ¶¶ 39-47. Therefore, the impact of *Facebook* on this litigation may be dispositive of the whole matter. Accordingly, a stay will conserve resources of both the Parties as well as this Court. *See Sealey* 2020 WL 5814108, at *2. Additionally, the parties will realize further benefits from a stay pending such clarification from SCOTUS because, at present, Defendant's ability to sufficiently evaluate its settlement position has been inhibited by the flux in the state of TCPA law. Defendant thus anticipates that a stay is likely to promote the prospects of a compromise resolution of this dispute without the need for superfluous, needless and expensive litigation.

A stay will further the public interest and the interests of persons not party to this action. It is axiomatic that the public has a strong interest in fair, efficient, and uniform administration of justice by the courts. The hodgepodge set of rules that have developed following *ACA Int'l* has proven unsustainable. Whereas previous litigants have suffered from the unequal application of the TCPA, this Court is now presented with the opportunity to ensure that not one more lawsuit than was necessary falls through that crack by permitting SCOTUS to weigh in on the matter before proceeding further. Likewise, a stay also promotes the interests of non-parties because it will prevent discovery that will unnecessarily burden non-parties, such as Plaintiff's cellular carrier(s) or third-party dialers who may have contacted Plaintiff and/or putative class members through equipment that dialed numbers from human-generated lists. *See Ryan Hyams, et al., Plaintiffs, v. CVS Health Corporation, et al.*, No. 18-CV-06278-HSG, 2020 WL 6891901, at *2 (N.D. Cal. Nov. 24, 2020) (granting defendants' motion for stay and rejecting plaintiffs' arguments that stay would harm non-parties).

Because it will streamline discovery, limit the issues before the Court, and facilitate fruitful settlement negotiations, the Court should issue an order staying these proceedings pending SCOTUS's resolution of *Facebook*.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY

### 4. District Courts Nationwide Have Stayed TCPA Cases Pending *Facebook*

Given the fact that the appropriate interpretation of the ATDS term is so central to a TCPA claim, as well as the anticipation that the nation's highest court will at long last provide definitive clarification on what equipment satisfies the definition, it is not surprising that a wave of district courts across the country have recognized the propriety of issuing stays pending the decision in the short amount of time that has passed since certiorari was granted. *See Saunders v. Sunrun, Inc.*, No. 19-CV-04548-HSG, 2020 WL 6342937, at *2 (N.D. Cal. Oct. 29, 2020) ("The Court finds in its discretion that both party and judicial resources will be most efficiently used if the TCPA claim is stayed until the Supreme Court clarifies the scope of the TCPA's definition of an ATDS."); *Loftus* ( "A decision in the Facebook case may substantially resolve the present case, easing the burden of discovery on the defendant and saving judicial resources. The plaintiff will not be harmed by the stay because the defendant has attested that it is aware of its obligations and has instituted a litigation hold to preserve documents that may be relevant to the litigation. The stay is for a relatively brief period of time because the Supreme Court will likely decide the Facebook case at some point in the current Term. The balance of the relevant factors weighs decidedly in favor of a stay."); *Aleisa v. Square, Inc.*, 2020 WL 5993226, at *6-9 (N.D. Cal. Oct. 9, 2020); *Veytia et al. v. Portfolio Recovery Associates, LLC et la.*, 2020 WL 5257881, at *1-4 (S.D. Cal. Sept. 3, 2020); *Canady v. Bridgecrest Acceptance Corp.*, 2020 WL 5249263, *4; (D. Ariz. Sept. 3, 2020) ("The Supreme Court's resolution of *Facebook* has the potential to significantly narrow the issues involved in this case, including the scope of discovery as to Canady's ATDS allegations and the scope of Canady's class-certification request."); *Seefeldt v. Entm't Consulting Int'l, LLC*, No. 4:19-CV-00188, 2020 WL 905844, at *3 (E.D. Mo. Feb. 25, 2020) ("Waiting for a decision to issue in *Facebook* will "avoid exhausting judicial resources to decide things like [motions to dismiss], [motions] for class certification, and any possible discovery-related matters or summary judgment motions to follow which may prove fruitless."); *Whattoff-Hall v. Portfolio Recovery Associates, LLC*, 2020 WL 5223546, at *1 (S.D. Cal. July 23, 2020) (approving stipulated stay pending *Facebook* on the grounds that a "stay is in the furtherance of judicial economy and will avoid unnecessary expense for the parties and [] forum.").

This Court should follow in the path of other courts across the country and issue a stay to allow for SCOTUS to bring much needed clarity to the ATDS issue given its import to adjudication of

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY

Plaintiff's claims.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court stay this case pending the Supreme Court's decision in *Facebook*.

Dated: December 3, 2020

ELLIS LAW GROUP LLP

By */s/ Lawrence K. Iglesias*
Lawrence K. Iglesias
Attorney for Defendant
SCHOOLADVISOR, LLC D/B/A
DEGREESEARCH.ORG

# ATTACHMENT A

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM LOFTUS

                Plaintiff,

- against -

SIGNPOST, INC.

                Defendant.

19 cv 7984 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff brings this putative class action against Signpost Inc., alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227 et seq. The defendant, Signpost Inc., moves to stay this action pending the Supreme Court's decision in Facebook Inc. v. Duguid, No. 19-511, which potentially will answer the question of what type of equipment qualifies as an automatic telephone dialing system ("ATDS"). The answer to that question is pivotal in this case and may shape the progress of discovery and the ultimate outcome in this case. In a previous decision, this Court stayed this case pending the decision of another Supreme Court case, Barr v. Am. Ass'n of Political Consultants, No. 19-631, 140 S. Ct. 812. See Loftus v. SignPost Inc., No. 19-cv-7984, 2020 WL 2848231, at *1 (S.D.N.Y. June 2, 2020), Dkt. 41. The Court applied the five factors set out by the court in Kappel v. Comfort, 914 F. Supp.

1056, 1058 (S.D.N.Y. 1996), and stayed the action. Those same factors support a stay of this action pending a decision by the Supreme Court in the Facebook case.

A decision in the Facebook case may substantially resolve the present case, easing the burden of discovery on the defendant and saving judicial resources. The plaintiff will not be harmed by the stay because the defendant has attested that it is aware of its obligations and has instituted a litigation hold to preserve documents that may be relevant to the litigation. The stay is for a relatively brief period of time because the Supreme Court will likely decide the Facebook case at some point in the current Term. The balance of the relevant factors weighs decidedly in favor of a stay. The defendant points out without contradiction that all of the other courts that have faced the question of whether to stay litigations pending a decision in the Facebook case have stayed similar cases.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The defendant's motion to stay this action pending a decision by the Supreme Court in the Facebook case is **granted**. The parties should inform the Court promptly after the Supreme Court has decided

the Facebook case and provide the Court with letter briefs on the effect of that decision on this case.

The Clerk is directed to close Docket No. 45.

**SO ORDERED.**

Dated: New York, New York
October 19, 2020

John G. Koeltl
United States District Judge

## CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 1425 River Park Drive, Suite 400, Sacramento, CA 95815.

On December 3, 2020, I served the following document(s) on the parties in the within action:

**DEFENDANT SCHOOLADVISOR, LLC D/B/A DEGREESEARCH.ORG'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

| | |
|---|---|
| Richard T. Drury<br>Lozeau Drury LLP<br>Rebecca Davis<br>1939 Harrison Street<br>Suite 150<br>Oakland, CA 94612 | Attorneys for Plaintiff |
| Patrick H. Peluso<br>Taylor T. Smith<br>Wooodrow & Peluso, LLC<br>3900 East Mexico Avenue<br>Suite 300<br>Denver, CO 80210 | Attorneys for Plaintiff |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct statement and that this Certificate was executed on December 3, 2020.

By: _____
Jennifer Mueller