Mark E. Ellis – 127159
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant SCHOOLADVISOR, LLC D/B/A DEGREESEARCH.ORG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| EDWARDO MUNOZ, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SCHOOLADVISOR, LLC d/b/a DEGREESEARCH.ORG, a Delaware limited liability company,<br><br>    Defendant. | Case No.: 1:20-CV-00440-NONE-EPG<br><br>**DEFENDANT SCHOOLADVISOR, LLC D/B/A DEGREESEARCH.ORG'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STAY**<br><br>DATE:   **January 8, 2021**<br>TIME:   **10:00 a.m.**<br>CRTM:   **10, 6th Floor** |

Defendant SchoolAdvisor, LLC, d/b/a DegressSearch.org, a Delaware limited liability company ("Defendant") respectfully submits the following reply memorandum of law in further support of its motion ("Motion") for an Order staying these proceedings pending the Supreme Court's ("SCOTUS") forthcoming ruling in *Facebook, Inc. v Duguid*, No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020) ("*Facebook*").

## I.   PRELIMINARY STATEMENT

Plaintiff's response to Defendant's Motion confirms that a stay is warranted pending SCOTUS's imminent and forthcoming decision in *Facebook*. Plaintiff concedes that there is a circuit split on the proper construction of the statutory term "automatic telephone dialing system" ("ATDS"),[1] an element of Plaintiff's *prima facie* case. He has also admitted that SCOTUS's forthcoming ruling in *Facebook* will clarify what needs to be established in order for him to prove that an ATDS was utilized in connection with the text messages that he allegedly received. If SCOTUS rejects or limits the Ninth Circuit's broad and sweeping interpretation of the "ATDS" definition[2] in favor of a narrower interpretation more in line with constructions adopted by the Seventh, Eleventh, and Third Circuits, TCPA litigation in the Ninth Circuit will undergo a sea change. Surely, the instant request for a short stay pending the issuance of SCOTUS's controlling decision in *Facebook* is warranted.

Plaintiff has asserted claims for relief for, *inter alia*, alleged violations of the Telephone Consumer Protection Act's ("TCPA") ATDS prohibitions. He also seeks to represent a nationwide class of persons who share such a claim. Any notion that *Facebook*'s impact on this lawsuit would be minor is facially absurd. Defendant does not seek this stay in order to gain an undue advantage over Plaintiff. Rather, Defendant's request is premised on allowing SCOTUS to provide clarity on an issue that has divided attorneys and judges alike for years; an issue which has served as a primary source of litigation

---

[2] The Ninth Circuit's interpretation of the plain language of the TCPA's ATDS definition set forth in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) and currently on appeal in *Facebook* is so broad as to reach any ordinary smart phone if applied literally. The D.C. Circuit has remarked this kind of broad construction would be "untenable … and that nearly every American is a TCPA-violator-in-waiting, if not a violator-in-fact." *See ACA Int'l v. FCC*, 885 F.3d 687, 698 (D.C. Cir. 2018).

in TCPA lawsuits and can reasonably be expected to do so again in this case should it proceed without a short stay to await SCOTUS's guidance.

Notwithstanding Plaintiff's protestations to the contrary, all parties will benefit from the brief stay. A stay will allow everyone to avoid the significant expense required to proceed with fact and expert discovery, inclusive of the likely briefing of discovery-related motions, on a hotly contested and unsettled legal issue. The aforementioned litigation concerning the definition of an ATDS would likely need to be revisited in the event that SCOTUS disregards the current Ninth Circuit precedent in favor of the ATDS interpretation adopted by the Third, Seventh, and Eleventh Circuits. As a result, interests of judicial economy and efficiency also counsel the Court to order a brief stay of these proceedings until SCOTUS has provided clarity on the key ATDS issue through its imminent ruling in *Facebook*. SCOTUS heard argument on December 8, 2020 and should be expected to render its ruling before the end of the spring 2021 term.

Lastly, Plaintiff's attempts to paint Defendant as obstructionist during the course of discovery in this action are absurd. As Plaintiff rightly points out, this Court issued a Scheduling Order on July 8, 2020 bifurcating discovery into two phases. (Dkt. 17). The first phase ("Phase 1") was limited to discovery regarding Plaintiff, and written discovery on Defendant's policies and procedures. (Id.) Plaintiff's rhetoric-heavy opposition glosses over the fact that Plaintiff failed to request any discovery whatsoever prior to the October 9, 2020 deadline for Phase 1 discovery. The use of an "ATDS" goes to the merits of Plaintiff's case, yet he sought no information about Defendant's dialing system during the "merits" period of discovery. Therefore, this Court should ignore Plaintiff's baseless claims that Defendant is engaged in "gamesmanship," and instead focus on the legal analysis that counsels for a brief stay pending the Supreme Court's decision in *Facebook*.

For the foregoing reasons, as well as those detailed further herein and in Defendant's Motion, a stay is proper and should be granted.

## II.   ARGUMENT

"A trial court may find that it is efficient for its own docket, and the fair course of the parties, to enter a stay of an action before it pending resolution of independent proceedings which bear upon the

DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STAY

case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979). In accordance with this principle, the courts of this Circuit routinely stay proceedings when a higher court is close to settling an important issue of law. *See Whattoff-Hall v. Portfolio Recovery Associates, LLC*, 2020 WL 5223546, at *1 (S.D. Cal. July 23, 2020) (approving parties' requested stay pending *Facebook* on the grounds that a "stay is in the furtherance of judicial economy and will avoid unnecessary expense for the parties and [] forum."). Furthermore, there can be no more important justification to issue a stay of a district court matter than the potential resolution of a controlling issue of law by the United States Supreme Court. *See Daimler-Benz Aktiengesellschaft v. U.S. Dist. Court of the W. Dist. Of Okla*, 805 F.2d 340, 341-42 (10th Cir. 1986). Because appellate courts have been unable to agree on the exact definition of ATDS, SCOTUS's ruling in *Facebook* will have a direct, and potentially seismic impact on this case.

### A. Plaintiff will not be Damaged by a Stay

Plaintiff argues unpersuasively that he would be irreparably damaged by a stay because it will result in either document spoliation or fading witness memories. However, such an argument presupposes that the anticipated stay would be both of an indeterminant length and longer than the circumstances of *Facebook* suggest. Oral argument in *Facebook* occurred, as scheduled, on December 8, 2020, meaning that SCOTUS could issue its ruling on the ATDS definition at any point between now and the end of the spring term in June 2021. That oral argument in *Facebook* has already occurred puts this case in a different category than some of the cases relied upon in Plaintiff's Opposition, in which stays were denied because argument had not yet been set at the time and there was no indication of how quickly a decision may be issued. *See e.g., Lacy v. Comcast Cable Comm's*, 2020 WL 4698646, *2 (W.D. Wash. Aug. 13, 2020) ("Although it is a somewhat close question, the Court agrees with Lacy that the stay should be lifted. First, the Supreme Court has not even scheduled oral argument in *Duguid*, so a stay could be lengthy."). Consequently, rather than being lengthy or an indeterminant amount of

DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STAY

time, any stay issued could be as short as a matter of weeks but in no circumstance longer than several months.

By any measure, such a short delay would not be prejudicial to anyone. In fact, a wealth of authority has held just that. *See e.g., Lopez v. Am. Express Bank, FSB*, 2010 WL 3637755, *4 (C.D. Cal. Sept. 17, 2010) (granting stay pending decision by Supreme Court in upcoming term and holding that "the stay of action would conclude within a reasonable period of time."); *Provo v. Rady Children's Hosp.-San Diego*, 2015 WL 6144029, *2 (S.D. Cal. July 29, 2015) (granting stay due to the fact that "the Supreme Court is likely to issue decision within one year and neither party will be significantly prejudiced by a less than one year delay"); *F.I.M. v. U.S. Dep't of the Interior*, 2015 WL 2165274, *2 (D. Nev. May 7, 2015) (stay granted before independent hearing on issues affecting subject litigation because "any prejudice to Plaintiffs from the stay and commensurate delay in discovery would be minimal in light of the stay's short duration.").

In addition to the fact that it is unreasonable to suspect that witnesses' memories are likely to fade during such a short time period, it is pure speculation on the part of Plaintiff that documents might be lost. The Court should reject this argument as courts in this Circuit often do. *See Canady v. Bridgecrest Acceptance Corp.*, 2020 WL 5249263, *4 (D. Ariz. Sept. 3, 2020) (in TCPA action, granting defendant's motion for stay pending *Facebook* because "[defendant was aware of its obligations and should have already "instituted a litigation hold to preserve documents . . .") (citing *Loftus v. Signpost, Inc.*, 2020 U.S. Dist. LEXIS 97036 (S.D.N.Y. June 2, 2020). Speculative concerns about loss of evidence are routinely dismissed by Courts in the stay analysis, as they should be here. *See, e.g., Abu-Hajar v. AutoNation, Inc.*, 2017 WL 10591886 (C.D. Cal. Aug. 17, 20127) (citing *Bay Area Surgical Grp, Inc. v. Aetna Life Ins. Co.*, 2014 WL 2759571, *5 (N.D. Cal. June 17, 2014)).

Finally, a stay is supported here because Courts routinely grant stays finding that there is no likelihood of damage or harm because a stay might delay a plaintiff's right to receive money damages. *See e.g., Aerotel, Ltd. v. IDT Corp.*, 2003 WL 23100263, at *1 (S.D.NY. Dec. 30, 2003). They also do so even in those instances in which injunctive relief is sought in the complaint. *See e.g., Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F.Supp.2d 295, 307 (S.D.N.Y. 2009) (staying matter irrespective of injunctive relief sought). Here, Plaintiff points to his pro forma request

DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STAY

for injunctive relief as evidence of the great damage that will be caused by a short stay. Not only does this argument presuppose that Plaintiff's TCPA claim has merit, it also assumes that Defendant is willfully continuing to engage in the alleged conduct. Plaintiff has no basis whatsoever to put forth such theories and they should certainly not be countenanced by the Court. This is doubly so when Plaintiff's opposition does not claim that he has received any text messages from Defendant after he filed his Complaint over eight (8) months ago.

### B. The Balance of Hardships Favors a Stay

Plaintiff's opposition states that a stay would "only delay inevitable discovery." (Opp. at 8). This is simply wrong, as SCOTUS's decision in *Facebook* will almost certainly determine what sort of discovery is necessary. Therefore, the demands already propounded by Plaintiff seek discovery that is far from "inevitable." Nevertheless, Plaintiff also argues that discovery concerning the characteristics of the dialing system at issue will be required no matter how SCOTUS ultimately clarifies the ATDS definition in *Facebook*, and thus should proceed unabated. This is incorrect.

SCOTUS's decision will almost certainly provide significant guidance regarding the type of inquiries that a plaintiff may appropriately make regarding the alleged use of an ATDS. The *Facebook* decision will also help prevent discovery disputes and reduce the likelihood of inconsistent rulings relating to discovery. *See Stark v. Pfizer*, 2014 WL 2938445, *2 (N.D. Cal. June 27, 2014) ("The potential prejudice to Plaintiff that could result from a stay is minimal, as the JPML's decision is likely to be issued shortly. On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed."). Indeed, the discovery demands already propounded by Plaintiff bears out the stark contrast between what Plaintiff seeks on the ATDS issue in accordance with the challenged-Ninth Circuit interpretation and what disclosure would be required were SCOTUS to find that interpretation improper in *Facebook*. A far less exhaustive and invasive examination is likely to be required if SCOTUS reigns in the ATDS definition such that equipment which dials from a list of human generated numbers, rather than random or sequentially generated numbers, are excluded from the TCPA. Here, that is particularly relevant, as Defendant has provided evidence that any texts allegedly received by Plaintiff were sent due Plaintiff's

provision of consent to be contacted at his telephone number.[3] Accordingly, it is clear that if Plaintiff was contacted at all, his telephone number was neither randomly nor sequentially generated. Any party which is forced to submit to voluminous, costly, and time-consuming discovery concerning the technical capacities of dialing equipment would suffer enormous, irreparable burden to the extent that SCOTUS, in only a few months' time, concludes that such an examination is either irrelevant or orders of magnitude lower in priority to the determination of what is and what is not an ATDS for TCPA purposes. *See generally Kotlyar v. Univ. of Chi. Med. Ctr.*, 2017 WL 5911287, at *3 (N.D. Ill. Nov. 30, 2017). ("Requiring Defendant to submit to voluminous, potentially unnecessary discovery," particularly substantial discovery of electronically stored information that is being contemplated by Plaintiff, "would be inequitable and a waste of time and resources.").

Here, Plaintiff's Opposition makes hay out of what he perceives to be gamesmanship on the part of Defendant relating to its discovery obligations. Defendant requested, and this Court ordered, a bifurcated discovery schedule in this action. Plaintiff mischaracterizes Defendant's prior request as an attempt to "limit discovery." This is preposterous. Defendant merely asked the Court to exercise its power to control its docket and manage the discovery process. The Court correctly bifurcated discovery. Plaintiff cannot now attempt to confuse the Court by conflating Defendant's prior request with the instant Motion. Defendant requested a bifurcated discovery schedule on June 25, 2020, well before SCOTUS had granted certiorari in *Facebook*, which did not occur until July 9, 2020. (Dkt. No 15). The bifurcated discovery schedule and Defendant's subsequent request for a stay are entirely unrelated. As discussed above, Plaintiff failed to even demand any discovery prior to the end of Phase 1 of the bifurcated schedule. (Smith Decl. ¶ 6). It is entirely misleading for Plaintiff to conflate this request for a stay and the Court's decision to enter into a bifurcated discovery schedule.

Moreover, Defendant has provided timely responses and objections to all discovery demands propounded to date. Where Plaintiff granted Defendant an extension, Defendant responded by the new

---

[3] This evidence of opt-in for Plaintiff's telephone number was provided through informal correspondence between counsel for the parties and was brought to the Court's attention by Defendant in the Parties' October 6, 2020 Joint Case Management Statement. (Dkt. No. 19).

DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STAY

deadline.[4] That Plaintiff took issue with the objections interposed by Defendant is irrelevant to the issue before the Court in this Motion. More importantly, Plaintiff and Defendant met and conferred about Defendant's original discovery responses and Defendant agreed to supplement its discovery responses as appropriate. (*Id.* at 11). The mere fact that this dispute occurred counsels in favor of granting a stay. As the split among the Circuits on the ATDS issue demonstrates, reasonable minds can disagree on a number of issues. Here, it would benefit the parties and the Court to grant the requested stay so that SCOTUS may provide much needed clarity and the scope of discovery can be properly determined. This would help prevent unnecessary discovery demands and unnecessary discovery disputes between the parties.

### C. Judicial Economy is Served by the Issuance of a Stay

Plaintiff's argument gives no credence, let alone the proper weight, to the fact that it would be a complete waste of time and resources for the parties and the Court to participate in extensive discovery and adjudicate any discovery disputes that will potentially be obviated by a ruling in *Facebook* that adopts the ATDS interpretation of the Third, Seventh and Eleventh Circuits. Thus, despite Plaintiff's argument to the contrary, discovery concerning the ATDS issue could very well prove to be an irrelevant, fruitless waste of time in the event that SCOTUS overturns the current definition of an ATDS in this Circuit. *See Sensibaugh v. EF Educ. First, Inc.*, No. 20-CV-1068, 2020 WL 3455641 (C.D. Cal. May 7, 2020) (granting stay pending SCOTUS's decision in *Facebook*, in part, to preserve judicial resources). In such an eventuality, the key analysis on the ATDS issue would not be whether the dialing equipment has the theoretical capacity to generate random or sequential numbers, but rather whether in actuality it dialed from human-generated lists of numbers or not. Plaintiff cannot credibly argue that the final *Landis* factor is not satisfied and that a stay pending *Facebook* will not simplify the issues before the Court. Indeed, Plaintiff points to at least court that has found exactly that. (Opp. at 15) (citing *Smith v. JPMorgan Chase Bank, N.A.*, No. 20CV01777CBMPJWX, 2020 WL 5033532, at *2 (C.D. Cal. Aug. 21, 2020) (recognizing that the *Facebook* decision may simplify legal issues). In addition to relieving

---

[4] Plaintiff glosses over the fact that he also benefitted from an extension during the discovery process. Although Defendant served its discovery demands on Plaintiff on September 1, 2020, Plaintiff did not respond until over thirty (30) days later, on October 7, 2020. (*Compare* Smith Decl. ¶ 4 *with id.* at ¶ 5).

DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STAY

the Court from adjudicating discovery disputes, judicial economy will be further served because, no matter what, SCOTUS's decision in *Facebook* will improve Defendant's ability to sufficiently evaluate its settlement position.

**D. The Requested Stay is no More Than What Numerous Other Courts Have Granted**

Plaintiff's opposition concludes by arguing that Defendant's requested stay is "in line with the trend in TCPA litigation." (Opp. at p.13). Notwithstanding Plaintiff's attempts to draw similarities between this case and other unrelated TCPA cases, Plaintiff's conclusion is, broadly, correct. The stay requested by Defendant is entirely "in line" with those that have already been granted across the county. To muddy the waters, Plaintiff attempts to compare Defendant's requested stay to others that may have been requested based upon unrelated issues in unrelated cases. Indeed, many of the cases cited by Plaintiff where a stay was denied pending *Facebook* are entirely distinguishable. *See Whittaker v. All Reverse Mortgage Inc.*, No. 20-CV-08016-PCT-DLR, dkt. 26 at 2 (D. Ariz. July 17, 2020) (denying stay pending *Facebook*, based upon defendant's request to extend the stay that had already issued following *Barr v. Am. Ass'n of Political Consultants, Inc.*, No. 19-631, 140 S. Ct. 2335 (July 6, 2020), as that would mean that the case would remain pending indefinitely "without so much as a scheduling conference"); *Lacy*, 2020 WL 4698646, *2 ("Although it is a somewhat close question, the Court agrees with Lacy that the stay should be lifted. First, the Supreme Court has not even scheduled oral argument in *Duguid*, so a stay could be lengthy."); *Smith*, 2020 WL 5033532, at *2 (C.D. Cal. Aug. 21, 2020) (in a decision issued before the oral argument date for *Facebook* had even been set, denying stay pending *Facebook* as "indefinite" in duration).

The outcome of *Facebook* may allow the parties to immediately, or at least swiftly, conclude this action. Plaintiff is correct that it is impossible to guarantee how SCOTUS will rule.[5] However, it is likely

---

[5] It should be noted however, that during oral argument in *Facebook*, several justices questioned the logic underpinning the Ninth Circuit's interpretation of an ATDS and the TCPA more generally. For example, Justice Samuel Alito implied that if SCOTUS could declare statutes obsolete, the TCPA might be a good candidate. ("Guido Calabresi has argued that courts should have the power to declare statutes obsolescent and obsolete. And if -- if we had that power, this statute might be a good candidate."). *See Facebook Inc. v. Duguid*, No. 19-511 (U.S. July 9, 2020)(Dec. 8, 2020, Oral Arg. Tr. 20), *available at* https://www.supremecourt.gov/oral_arguments/argument_transcripts/2020/19-511_1537.pdf.

that, at a minimum, SCOTUS's decision in *Facebook* will provide much needed guidance to the parties and the Court. Even assuming, *arguendo*, that some discovery will be required irrespective of SCOTUS's decision, the *Facebook* decision will likely allow the parties to reduce the breadth of the required discovery and the legal questions at issue. Therefore, a stay would not harm Plaintiff, would prevent tremendous hardship, and would serve judicial economy.

### III.   CONCLUSION

For the foregoing reasons, as well as those detailed in Defendant's Motion, Defendant respectfully requests that the Court use its inherent authority to issue a stay of proceedings pending SCOTUS's imminent determination in *Facebook*.

Dated: December 30, 2020

ELLIS LAW GROUP LLP

By /s/ Lawrence K. Iglesias
Lawrence K. Iglesias
Attorney for Defendant
SCHOOLADVISOR, LLC D/B/A
DEGREESEARCH.ORG

# CERTIFICATE OF SERVICE

I, Jan Hyde, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 1425 River Park Drive, Suite 400, Sacramento, CA 95815.

On December 30, 2020, I served the following document(s) on the parties in the within action:

**DEFENDANT SCHOOLADVISOR, LLC D/B/A DEGREESEARCH.ORG'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STAY**

| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| Richard T. Drury<br>Rebecca Davis<br>Lozeau Drury LLP<br>1939 Harrison Street<br>Suite 150<br>Oakland, CA 94612 | Attorneys for Plaintiff |
|---|---|
| Patrick H. Peluso<br>Taylor T. Smith<br>Wooodrow & Peluso, LLC<br>3900 East Mexico Avenue<br>Suite 300<br>Denver, CO 80210 | Attorneys for Plaintiff |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct statement and that this Certificate was executed on December 30, 2020.

By _____
Jan Hyde