UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO MUNOZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHOOLADVISOR, LLC, d/b//a DEGREESEARCH.ORG,<br><br>Defendant. | Case No. 1:20-cv-00440-NONE-EPG<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY<br><br>(ECF No. 22) |

Currently before the Court is Defendant SchoolAdvisor, LLC, d/b/a/ DegreeSearch.org's ("Defendant") Motion to Stay. (ECF No. 22.) Plaintiff Edwardo Munoz ("Plaintiff") filed an opposition to the motion on December 23, 2020, and Defendant replied on December 30, 2020. (ECF Nos. 23, 24.) On January 8, 2021, the Court held a hearing on the motion. Taylor Smith appeared on behalf of Plaintiff and Mark Ellis appeared on behalf of Defendant. For the reasons stated on the record during the hearing, and as stated herein, the Court grants the motion insofar as it requests a stay before expert disclosures are required, but otherwise denies the motion.

District courts have broad discretion in deciding whether to stay a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that

a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55) ("*Landis* factors").

Defendant requests that the case be stayed until the United States Supreme Court issues a decision in *Facebook, Inc. v. Duguid,* Sup. Ct. Docket No. 19-511, 2020 WL 3865252 (*pet. granted* July 9, 2020) ("*Facebook*") clarifying whether the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, requires an automatic telephone dialing system ("ATDS") to have the capacity to generate random or sequential numbers. (ECF No. 22-1.) As explained further on the record, the burden of going forward is minimal because a stay at this stage of the proceedings primarily concerns non-expert discovery, much of which will still be necessary regardless of the outcome of *Facebook.* The Court further notes that it has already imposed some limitations on the scope of discovery. (*See* ECF No. 17.) Additionally, it is not clear that the issue before the Supreme Court in *Facebook* would be dispositive in this case. Although the Supreme Court's ruling might alter the applicable definition of an ATDS, the parties will need to conduct discovery regarding the capacities of Defendant's ATDS regardless of the definition.

Defendant has not met its burden of showing that a stay of the entire case is warranted at this time. However, as discussed at the hearing, the parties agree that the ruling in *Facebook* will likely impact expert opinions and a stay of expert discovery is appropriate. Accordingly, non-expert discovery will continue but the Court will grant a stay of expert discovery pending the Supreme Court's decision in *Facebook*.

Accordingly, IT IS HEREBY ORDERED that:
1. Defendant's Motion to Stay (ECF No. 22) is GRANTED IN PART AND DENIED IN PART;
2. The Court GRANTS a stay of expert discovery pending the Supreme Court's decision in *Facebook, Inc. v. Duguid,* Sup. Ct. Docket No. 19-511;

      a. The deadlines for designation of expert witnesses currently set for June 11, 2021, rebuttal designation of expert witnesses currently set for July 9, 2021, and the motion for class certification currently set for August 13, 2021 (ECF No. 17) are VACATED;

      b. The parties shall meet and confer and file a joint status report no later than fourteen (14) days after the Supreme Court issues a decision in *Facebook, Inc. v. Duguid,* Sup. Ct. Docket No. 19-511, or fourteen (14) days after conclusion of the Supreme Court's 2020-2021 term, whichever is earlier. The parties' joint status report shall include proposed dates for further scheduling as appropriate;

3. The remainder of Defendant's request to stay is DENIED; and

4. The Status Conference currently set for June 21, 2021, is advanced to April 19, 2021, at 2:00 PM in Courtroom 10 (EPG) before the undersigned. The parties are reminded to file a joint status report one full week prior to the conference and email a copy of the same, in Word format, to epgorders@caed.uscourts.gov. To appear telephonically, each party is directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453.

IT IS SO ORDERED.

Dated: **January 11, 2021**              /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE