Richard T. Drury (SBN 163559)
Richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought*

*Attorneys for Plaintiff and the alleged Classes*

Mark E. Ellis – 127159
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant SCHOOLADVISOR, LLC D/B/A DEGREESEARCH.ORG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EDWARDO MUNOZ**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br> **SCHOOL ADVISOR LLC, d/b/a DEGREESEARCH.ORG**, a Delaware limited liability company, <br><br> Defendant. | Case No.  1:20-cv-00440-NONE-EPG <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

1

Plaintiff Edwardo Munoz ("Munoz" or "Plaintiff") and Defendant School Advisor, LLC, d/b/a Degreesearch.org ("DegreeSearch" or "Defendant") (collectively Plaintiff and Defendant are referred to as the "Parties") submit this Joint Case Management Statement in advance of the Parties' upcoming status conference scheduled for April 19, 2021, at 2:00 p.m. (dkt. 27).

**1. Discovery Status**

<u>Plaintiff's Statement:</u> On August 7, 2020, Defendant served a letter indicating its claimed source of Plaintiff's lead information. Plaintiff's counsel undertook an investigation into the purported source of his lead information. Plaintiff has been unable to locate any evidence showing that he has ever visited the website that Defendant claims he visited. And Defendant has not identified the IP address that was associated with Plaintiff's lead information. Moreover, the purported source of lead information does not appear to have any viable TCPA consent language specific to Defendant.

On September 1, 2020, Defendant served its first set of discovery requests on Plaintiff—including requests for production and interrogatories. Plaintiff served his responses to Defendant's first set of discovery, along with his responsive documents on October 7, 2020. On October 19, 2020, Plaintiff served his first set of written discovery on Defendant, including requests for production and interrogatories. SchoolAdvisor initially served its responses to Plaintiff's first set of discovery on December 9, 2020, which objected to each request for production and interrogatory as being improper given its pending motion to stay. Eventually, on January 4, 2021, SchoolAdvisor served its supplemental responses to Plaintiff's first set of discovery requests.

On January 21, 2021, Plaintiff served a subpoena to produce documents on Digital Media Solutions, LLC ("DMS")—the entity that actually sent the text

2

messages on behalf of SchoolAdvisor. After seeking an extension to respond, DMS produced some documents in response to the subpoena on March 12, 2021. DMS did not produce any records of the text messages that were sent to any other potential class members nor did it produce any documents identifying the dialing system utilized to send the texts at issue. Consequently, counsel for Plaintiff and DMS conferred regarding DMS's response to the subpoena on March 24, 2021. DMS agreed to produce additional information, including documents identifying the dialing system used. At this time, it has not yet produced any additional documents. DMS has indicated that it will have an update on the status of its production sometime next week.

Defendant's Statement:

Defendant is aware of the ongoing discovery efforts between Plaintiff and third-party DMS. As to the identification or production of the IP address from which Plaintiff's "lead information" came through, Defendant contends that this information is not reasonably calculated to lead to the discovery of admissible evidence. Nowhere in the TCPA or the FCC's regulations is the IP address of a called-party indicia of prior express written consent, and with the myriad ways in which internet users can mask or otherwise re-route their IP address through a proxy server, VPN, or other products, any such information is unreliable and would not be used to prove Defendant's affirmative defense of prior express consent. Fed. R. Evid. 403; Fed. R. Civ. P. 26(b)(1). Further, any IP address associated with the "lead" would have been collected by a third-party other than Defendant. And in light of the recent decision from the United States Supreme Court in *Facebook, Inc. v. Duguid*, -- U.S. --, 141 S.Ct. 1163 (Apr. 1, 2021), evidence that Plaintiff's contact information was provided *through any IP address* as opposed to "randomly or sequentially" generated only further establishes that

Defendant did not use an "automatic telephone dialing system" as that term is defined by the TCPA. 47 U.S.C. § 227(a)(1); *Facebook, supra,* 141 S.Ct. 1163.

## 2. Proposed Deadlines

On January 11, 2021, the Court issued an Order, which, in part, vacated the existing deadlines for expert discovery and class certification (dkt. 26). The Court further ordered the parties to file a joint status report no later than fourteen days after the Supreme Court's decision in *Facebook, Inc. v. Duguid* (Sup. Ct. Docket No. 19-511). On April 1, 2021, the Supreme Court issued its in *Facebook*. Accordingly, in line with the Court's Order and given the current state of the litigation, the parties propose the following deadlines:

<u>Plaintiff's Position:</u> Plaintiff requests a brief 90-day extension of the existing fact discovery deadline, which is currently May 4, 2021 (dkt. 17). To date, Plaintiff has been diligently working to obtain all necessary documents and information. He has served and responded to discovery, and effectuated a subpoena directed to third party DMS. Unfortunately, DMS has not yet produced any of the call records or identified the dialing system it utilized to place the calls at issue—both of which will be necessary prior to engaging in expert discovery.

Additionally, Plaintiff still needs to depose Defendant SchoolAdvisor and DMS. However, it makes little sense to depose the representative(s) for both entities prior to receiving the call records or the documents pertaining to the dialing system. As such, a brief extension of the fact discovery deadline will enable the parties to complete all necessary discovery prior to proceeding to expert discovery and class certification.

As such, Plaintiff requests that the Court extend the existing fact discovery cut off and set the following deadlines:

- Fact Discovery Deadline: <u>August 2, 2021</u>

- Deadline for designation of expert witnesses:  September 9, 2021
- Deadline for designation of rebuttal expert witnesses:  October 7, 2021
- Expert Discovery Closes:  November 11, 2021
- Plaintiff Shall File Motion for Class Certification by: November 19, 2021

<u>Defendant's Position:</u>

Defendant does not oppose Plaintiff's proposed dates as to discovery, but contends that the documents already produced by Plaintiff in this litigation, specifically a screenshot of a text message allegedly received by Plaintiff on his cellular telephone which is addressed correctly to Plaintiff by his first name (MUNOZ000002), constitutes *prima facie* evidence that the cellular telephone number to which the text message was sent was not "randomly" or "sequentially" "generated" within the meaning of the TCPA and that there is no probable cause for the continuation of this action. TCPA. 47 U.S.C. § 227(a)(1); *Facebook, supra,* 141 S.Ct. 1163; <u>accord</u> *ACA Int'l v. FCC,* 885 F.3d 687, 691-704 (D.C. Cir. 2018).

### 3. Settlement Efforts

The Parties will explore settlement as appropriate. At this time, the Parties do not require Court assistance with settlement discussions.

Dated: April 12, 2021                    By:  /s/ Patrick H. Peluso

Richard T. Drury (SBN 163559)
Richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*

5

tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

*Pro Hac Vice admission to be sought*

Dated:  April 12, 2021             By:  / Lawrence K. Iglesias

Lawrence K. Iglesias
Ellis Law Group, LLP
1425 River Park Dr., Suite 400
Sacramento, CA 95815
916-283-8820
Email: liglesias@ellislawgrp.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on April 12, 2021.

/s/ Patrick H. Peluso