Richard T. Drury (SBN 163559)
Richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the alleged Classes*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARDO MUNOZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SCHOOL ADVISOR LLC, d/b/a DEGREESEARCH.ORG**, a Delaware limited liability company,<br><br>Defendant. | Case No.  1:20-cv-00440-NONE-EPG<br><br>**JOINT STATUS REPORT** |

1

Plaintiff Edwardo Munoz ("Munoz" or "Plaintiff") and Defendant School Advisor, LLC, d/b/a Degreesearch.org ("DegreeSearch" or "Defendant") (collectively Plaintiff and Defendant are referred to as the "Parties") submit this Joint Case Management Statement in advance of the Parties' upcoming status conference scheduled for October 21, 2021, at 10:00 a.m. (dkt. 30).

**1. Discovery Status**

Plaintiff's Statement: The parties have exchanged written discovery. On September 1, 2020, Defendant served its first set of discovery requests on Plaintiff—including requests for production and interrogatories. Plaintiff served his responses to Defendant's first set of discovery, along with his responsive documents on October 7, 2020. On October 19, 2020, Plaintiff served his first set of written discovery on Defendant, including requests for production and interrogatories. SchoolAdvisor initially served its responses to Plaintiff's first set of discovery on December 9, 2020, which were supplemented on January 4, 2021.

On January 21, 2021, Plaintiff served a subpoena to produce documents on Digital Media Solutions, LLC ("DMS")—the entity that apparently sent the text messages on behalf of SchoolAdvisor. DMS produced limited documents in response to the subpoena on March 12, 2021. At that time, DMS did not produce any records of the text messages that were sent to any other potential class members nor did it produce any documents identifying the dialing system utilized to send the texts at issue. Consequently, counsel for Plaintiff and DMS conferred regarding DMS's response to the subpoena on March 24, 2021. DMS agreed to produce additional information, including documents identifying the dialing system used. Following this conferral, however, DMS refused to communicate with Plaintiff's counsel or produce any additional documents.

Unable to resolve the disputes concerning DMS's response to the subpoena,

2

on June 21, 2021, Plaintiff filed a subpoena enforcement action in the Middle District of Florida to enforce the DMS Subpoena, styled *Munoz v. Digital Media Solutions, LLC*, Case No. 8:21-mc-00089-VMC-AEP (M.D. Fla. filed June 21, 2021). On July 21, 2021, the Court in the subpoena enforcement action granted in part and denied in part Plaintiff's motion to compel and Ordered DMS to produce additional documents on or before August 20, 2021. DMS thereafter produced additional responsive documents, including records of all text messages sent. Following a discussion with DMS's counsel, Plaintiff and DMS agreed to schedule a deposition and a virtual inspection of the subject dialing system.

On September 3, 2021, Plaintiff issued a subpoena to testify at a deposition directed to third party, DMS, which is represented by the same counsel as SchoolAdvisor. Plaintiff is currently working to coordinate dates with DMS for both the deposition and an inspection of its dialing system.

On July 2, 2021, Plaintiff served a notice of Rule 30(b)(6) deposition on Defendant. Plaintiff's counsel reached out to Mr. Iglesias to request available dates for the deposition. Since that time, Mr. Iglesias has left defense counsel's firm, which required Mark Ellis to begin acting as lead counsel in this case. Currently, Plaintiff is working to coordinate with Mr. Ellis to schedule the deposition of SchoolAdvisor.

On September 27, 2021, the Court granted the Parties' stipulation to continue all remaining deadlines. The current deadlines should afford the parties sufficient time to complete discovery. The deadlines are as follows:

- Nonexpert Discovery Cutoff for Phase I and Phase II: December 15, 2021
- Expert Disclosure re: Class Certification: January 18, 2022
- Rebuttal Expert Disclosure re: Class Certification: February 14, 2022
- Expert Discovery Cutoff re: Class Certification: March 15, 2022

3

- Motion for Class Certification: April 14, 2022

<u>Defendant's Statement:</u>

At the oral argument of Plaintiff's subpoena enforcement action in the United States District Court for the Middle District of Florida, Magistrate Judge Anthony E. Porcelli spent a great deal of attention analyzing third-party Defendant DMS's objections to certain of Plaintiff's subpoena requests related to the dialing equipment purportedly used to contact Plaintiff. Specifically, DMS argued that the United States Supreme Court's unanimous decision in *Facebook, Inc. v. Duguid,* 141 S.Ct. 1163 (2021) holding that the TCPA's definition of "automatic telephone dialing system" requires that "the equipment in question must use a random or sequential number generator," *Id.* at 1170, rendered the documents and information sought by the subpoena irrelevant given the admission in Plaintiff's Complaint's that the subject equipment did not produce numbers using a random or sequential number generator, but dialed from lists of numbers and/or a database of telephone numbers. *See Dkt. No.* 1 ¶ 42. Despite expressing receptiveness to DMS's *Facebook*-based relevancy objections to the ATDS-related subpoena demands, the Magistrate ultimately granted Plaintiff's application to compel responses to these requests because the Complaint's claims of violation of the TCPA's ATDS prohibition have not been dismissed either by motion or *sua sponte* Order to Show Cause, and thus remain operative. To that end, the parties are currently coordinating the scheduling of a demonstration of the subject dialing system's functionalities. That presentation is anticipated to showcase that the dialer does not utilize a random or sequential number generator as required by *Facebook*, which Defendant believes will ultimately help facilitate a resolution of this matter.

**2.   Settlement Efforts**

The Parties are engaged in settlement discussions. At this time, the Parties

4

do not require Court assistance with settlement discussions.

Dated: October 14, 2021          By:  /s/ Patrick H. Peluso

Richard T. Drury (SBN 163559)
Richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

*Pro Hac Vice*

Dated:  October 14, 2021          By:  /s/ Mark E. Ellis

Mark E. Ellis
Ellis Law Group, LLP
1425 River Park Dr., Suite 400
Sacramento, CA 95815
916-283-8820
Email: mellis@ellislawgrp.com

5

|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | The undersigned hereby certifies that a true and correct copy of the above |
| 3 | papers was served upon counsel of record by filing such papers via the Court's |
| 4 | ECF system on October 14, 2021. |

/s/ Patrick H. Peluso